# YOUNG CONAWAY STARGATT & TAYLOR, LLP

|  | THE BRANDYWINE BUILDING | |
|---|---|---|
| DIRECT DIAL: 302-571-6743 | 1000 WEST STREET, 17TH FLOOR | (302) 571-6600 |
| DIRECT FAX: 302-576-3517 | WILMINGTON, DELAWARE 19801 | (302) 571-1253 FAX |
| alundgren@ycst.com | P.O. BOX 391 | (800) 253-2234 (DE ONLY) |
|  | WILMINGTON, DELAWARE 19899-0391 | www.youngconaway.com |

April 9, 2007

VIA HAND DELIVERY AND E-FILING

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

Re: *Purdue Pharma L.P., et al. v. KV Pharmaceutical Company and Actavis Totowa, LLC*, C.A. No. 07-032 (***)

Dear Magistrate Judge Thynge:

This firm, along with Axinn, Veltrop & Harkrider LLP, represents Actavis Totowa, LLC in connection with the above-captioned action. Pursuant to the Court's Order of March 16, 2007, we write to update Your Honor on the status of the matter.

By way of background, this is a patent infringement action over a generic substitute for the painkiller OxyContin®, brought pursuant to certain provisions of the Hatch-Waxman Act. Notwithstanding Purdue's deliberate decision to file this action in Delaware, Purdue now seeks a transfer of the case to a Multidistrict Litigation proceeding (the "MDL Proceeding") pending in the Southern District of New York.

Because Purdue's papers filed with the Panel responsible for deciding transfer (the "MDL Panel") failed to indicate whether Actavis opposed transfer of this action to the MDL Proceeding, Actavis clarified the record by stating its opposition and offering several reasons why the action should not be transferred. A copy of the letter sent by Actavis to the MDL Panel on April 6, 2007, is attached hereto.

Respectfully submitted,

Andrew A. Lundgren (No. 4429)

AAL:smf

cc: Clerk, United States District Court (by hand delivery)
    All counsel of record (via e-mail)

DB02:5895049.1                                                                065995.1001

# AXINN, VELTROP & HARKRIDER LLP

JONATHAN A. HARRIS
(860) 275-8115
JAH@AVHLAW.COM

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL: (860) 275-8100
FAX: (860) 275-8101
www.avhlaw.com

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL: (212) 728-2200
FAX: (212) 728-2201

1801 K STREET, N.W. SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

April 6, 2007

**BY FEDEX**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

    Re: *In re OxyContin Antitrust Litigation*, MDL No. 1603

Dear Sir:

    This firm represents Actavis Totowa LLC in connection with a Delaware civil action styled *Purdue Pharma L.P., The P.F. Labs, Inc. and Purdue Pharms. L.P. v. KV Pharm. Co. and Activis Totowa LLC*, No. 07-cv-0032 (the "Purdue Action"), which has been designated by Purdue as a "tag along action" to the above-captioned MDL proceeding. In the Purdue Action, Purdue alleges that Actavis infringes U.S. Pat. No. 5,508,042 ("the '042 patent") and Actavis has counterclaimed for antitrust violations. Actavis intends to file a motion to stay the antitrust counterclaims in the Purdue Action.

    We write to clarify the record concerning Actavis' position on transfer of the Purdue Action into the MDL proceeding. Purdue's Notice of Related Actions states that Actavis has not stated whether it opposes the MDL transfer. To be clear, Actavis does oppose transfer of the Purdue Action into the MDL proceeding for at least the following reasons:

- Purdue improperly seeks to use the MDL statute as an instrument to avoid personal jurisdiction barriers. *See In re Truck Accident near Alamogordo, New Mexico on June 18, 1969*, 387 F. Supp. 732, 734 (J.P.M.L. 1975). Purdue sued Actavis in Delaware rather than in the transferee district of New York because Delaware is

April 6, 2007
Page 2

      Actavis' state of incorporation and Purdue believed Actavis did not have sufficient contacts with New York to sustain personal jurisdiction;

- Relative to the Purdue Action, the actions previously consolidated in the MDL proceeding are at widely divergent stages of discovery. One such case – Purdue Pharma L.P. v. Boehringer Ingelheim – was filed in 1999 and has been through a Federal Circuit appeal; and

- The common questions of fact and similar legal theories asserted by Purdue as the basis for transfer in its Notice of Related Actions will not be present when the antitrust counterclaims in the Purdue Action are stayed.

      Purdue sued Actavis in Delaware and should live with its choice. Actavis respectfully submits that the MDL Panel should reject Purdue's efforts to manipulate the MDL statute by denying transfer of the Purdue Action into the transferee district. Should the MDL Panel issue a conditional transfer order, Actavis reserves its right to submit a Notice of Opposition and a Motion to vacate such order.

      Sincerely,

      */s/ Harris*

      Jonathan A. Harris

cc:  Magistrate Judge Hon. Mary Pat Thynge
      Robert J. Goldman (counsel for Purdue Pharma L.P.)
      Jack B. Blumenfeld (counsel for Purdue Pharma L.P.)
      Frederick L. Cottrell, III (counsel for KV Pharmaceutical Company)
      John Sweeney (counsel for for KV Pharmaceutical Company)