# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

April 10, 2007

The Honorable Mary Pat Thynge                                  *VIA E-FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Purdue Pharma L.P., et al. v. KV Pharmaceutical Company, et al.*
            C.A. No. 07-032 (***)

Dear Magistrate Judge Thynge:

      I am writing on behalf of plaintiffs (collectively "Purdue") in response to Actavis' April 9, 2007 letter to Your Honor regarding Purdue's Notice of Related Actions filed with the Judicial Panel on Multidistrict Litigation (the "Panel") for transfer of this matter to MDL Docket No. 1603, now pending in the Southern District of New York. Actavis states that "[b]ecause Purdue's papers filed with the Panel … failed to indicate whether Actavis opposed transfer of this action to the MDL Proceeding, Actavis clarified the record by stating its opposition" in a separate letter to the Panel.

      Any suggestion by Actavis that Purdue in any way misrepresented Actavis' position is incorrect. As of the date of Purdue's March 28, 2007 letter to the Panel (a copy of which was sent to Your Honor on that date), Actavis had not indicated that it would oppose such a transfer. In response to Purdue's inquiries, Actavis' expressed position at that time was only, as Purdue represented to Your Honor and to the Panel, that Actavis would not consent to the transfer.

      In addition, attached is a letter Purdue submitted today to the Panel responding to Actavis' opposition to Purdue's request for transfer.

                                                          Respectfully,

                                                          Jack B. Blumenfeld (I.D. No. 1014)

JBB/dlb
Enclosure

The Honorable Mary Pat Thynge
April 10, 2007
Page 2

cc: Clerk of Court (Via Hand Delivery; w/ encl.)
    Frederick L. Cottrell, III, Esquire (Via E-Mail and Hand Delivery; w/ encl.)
    Chad M. Shandler, Esquire (Via E-Mail and Hand Delivery; w/ encl.)
    John W. Shaw, Esquire (Via E-Mail and Hand Delivery; w/ encl.)
    Andrew A. Lundgren, Esquire (Via E-Mail and Hand Delivery; w/ encl.)
    Jonathan A. Harris, Esquire (Via E-Mail; w/ encl.)
    Matthew K. Blackburn, Esquire (Via E-Mail; w/ encl.)
    Pablo D. Hendler, Esquire (Via E-Mail; w/ encl.)
    Robert J. Goldman, Esquire (Via E-Mail; w/ encl.)

3353843_1



ROPES & GRAY LLP
525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Robert J. Goldman
650-617-4035
Robert.Goldman@ropesgray.com

April 10, 2007

**BY FEDEX**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC  20002-8004

    Re:  *In re OxyContin Antitrust Litigation*, MDL No. 1603

Dear Sir:

  Plaintiffs/counterclaim defendants (collectively "Purdue") write in response to the April 6, 2007 letter ("Letter") to the Clerk by Mr. Harris, counsel for Actavis Totowa LLC ("Actavis").

  Actavis's opposition to having the Delaware actions transferred to the existing MDL action in the Southern District of New York should be of no moment. Contrary to Actavis's Letter, even if Actavis were to move in Delaware to stay its own antitrust counterclaims – a motion transparently calculated to try to defeat MDL transfer – transfer would still be appropriate. This is so because the antitrust counterclaims arise from the same facts alleged by Actavis in its affirmative defenses to Purdue's charge of patent infringement, namely the allegation that the Purdue patents in suit are unenforceable.

  Actavis's antitrust counterclaims in Delaware are what are commonly called "Walker Process" counterclaims.[1] Actavis alleges that Purdue violated the antitrust laws by wrongfully obtaining its patents through "fraud" on the U.S. Patent and Trademark Office and by asserting in litigation patents that Purdue knew to be invalid and unenforceable, as part of an attempt to monopolize in violation of the Sherman Act. (*See* Actavis Counterclaims ¶¶ 37-42, in

---

[1] These are called "Walker Process" claims because claims of this type were authorized by the Supreme Court in *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172 (1965)).

ROPES & GRAY LLP

Clerk of the Panel                              - 2 -                              April 10, 2007

First Amended Answer and Counterclaims of Actavis Totowa LLC, pp. 43-44, submitted with Purdue's Notice of Related Actions on March 28, 2007).

Similarly, Actavis asserts as affirmative defenses to Purdue's claim of patent infringement that the Purdue patents in suit are "Unenforceable due to Inequitable Conduct," alleging that Purdue committed wrongful conduct – so-called "inequitable conduct" – in prosecuting its patents before the U.S. Patent and Trademark Office. (See *id.*, Actavis Affirmative Defenses, ¶¶ 31-173, pp. 3-36).

Although, as a matter of law, the proofs required for Walker Process fraud and inequitable conduct are different, the core factual allegation of both theories rests on attacking Purdue's conduct before the Patent Office. See *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806-07 (Fed. Cir. 2000). Thus, the underlying facts asserted by Actavis in support of its antitrust allegations are the same as those it alleges in support of its inequitable conduct defense. Indeed, the sole factual basis for unenforceability alleged in Actavis's answer and counterclaims is in common with the facts supporting its affirmative defenses to Purdue's patent infringement claim.

Accordingly, Actavis is simply wrong when it argues that "the common questions of fact and similar legal theories asserted by Purdue as the basis for transfer . . . will not be present when the antitrust counterclaims in the Purdue Action are stayed." (Letter p. 2, bullet point 3). The questions of fact remain the same, and the legal theories are substantially the same as those at issue (a) in the existing MDL proceeding and (b) in the Delaware action that Purdue *and Actavis's co-defendant KV Pharmaceutical Company* ("KV") believe should be transferred as "tag-along" actions.

Actavis's other two objections to transfer can be given short shrift. Purdue does not seek transfer to "avoid personal jurisdiction barriers." Purdue brought suit in Delaware because it was certain that both defendants were subject to personal jurisdiction there. Purdue is considering whether sufficient facts exist to support a § 1404(a) transfer to New York.

Finally, Actavis argues that "the actions previously consolidated in the MDL proceeding are at "widely divergent" stages of discovery. Not so. No discovery has been taken in Purdue's action against Mallinckrodt, which was filed in November 2006. No discovery has been taken in Rite Aid and Safeway's declaratory judgment patent infringement actions against Purdue, filed in December 2006, pending resolution of Purdue's motion to dismiss those actions. No discovery has been taken in any of the MDL antitrust cases, all of which have been stayed by order of the District Court. (*See* Multidistrict Litigation Order No. 2, Docket No. 04 MDL 1603

ROPES & GRAY LLP

Clerk of the Panel                               - 3 -                                April 10, 2007

(SHS) (copy attached)). The only case in which discovery has been taken, *Boehringer*, is now the subject of Purdue's motion to dismiss on the grounds of mootness.[2]

        Purdue's March 28, 2007 Notice of Related Actions demonstrated why the Delaware actions are a "tag along" to the already-declared MDL pending in the Southern District of New York. Defendant-counterclaim plaintiff KV agrees to the transfer. Actavis's objections are entirely without merit. This action should be transferred.

                                                   Respectfully submitted,

                                                   Robert J. Goldman
                                                  *Attorney for Plaintiffs and*
                                                  *Counterclaim Defendants*

RJG:kce
Enclosures

cc:    Magistrate Judge Hon. Mary Pat Thynge (Hand and E-filing w/encls.)
       John W. Shaw, Esq. (counsel for Actavis Totowa LLC) (Fedex w/encls.)
       James D. Veltrop, Esq. (of counsel for Actavis Totowa LLC) (Fedex w/encls.)
       Frederick L. Cottrell, III, Esq. (counsel for KV Pharmaceutical Co.) (Fedex w/encls.)
       John F. Sweeny, Esq. (of counsel for KV Pharmaceutical Co.) (Fedex w/encls.)
       Jack B. Blumenfeld, Esq. (local counsel for Purdue) (E-mail w/encls.)

---

[2] The *Boehringer* case was "through a Federal Circuit appeal" following Purdue's successful motion for preliminary injunction. *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 98 F. Supp. 2d. 362 (S.D.N.Y. 2000), *aff'd*, 237 F.3d 1359 (Fed. Cir. 2001). That action was stayed on the eve of trial in 2002 because Boehringer had no current intention to market an infringing product. Counsel for Boehringer told the District Court at a December 2006 case management conference that Boehringer has no intent ever to market its infringing product. On April 5, 2007, Purdue moved to dismiss *Boehringer* for lack of case or controversy. (*See* Purdue's Motion To Dismiss All Patent-Related Claims And Counterclaims For Lack Of Case Or Controversy, Docket No. 04 MDL 1603 (SHS) (copy attached)). That motion is now pending before the District Court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :
OXYCONTIN ANTITRUST LITIGATION                               :     04 MDL 1603 (SHS)
                                                             :
-------------------------------------------------------------x

## MULTIDISTRICT LITIGATION ORDER NO. 2

On Jan. 5, 2004, this Court issued an Opinion and Order holding that Endo Pharmaceuticals Inc. and Endo Pharmaceuticals Holdings Inc. ("Endo") had infringed Oxycontin patents owned by plaintiffs Purdue Pharma, L.P., the Purdue Frederick Company, the P.F. Laboratories, Inc. and the Purdue Pharma Company (collectively, "Purdue"), but that those patents were invalid due to Purdue's inequitable conduct in prosecuting them before the Patent and Trademark Office. Purdue Pharma L.P. v. Endo Pharms. Inc., No 00-Civ.-8029, 01-Civ.-2109, 01-Civ.-8177, 2004 WL 26523 (S.D.N.Y. Jan. 5, 2004). That Order was initially affirmed by the United States Court of Appeals for the Federal Circuit. Purdue Pharma L.P. v. Endo Pharms. Inc., 410 F.3d 690 (Fed. Cir. 2005). Following the affirmance, various plaintiffs filed lawsuits in this Court and around the country alleging that Purdue's conduct in procuring its Oxycontin patents violated federal and state antitrust laws. The Judicial Panel on Multidistrict Litigation established a Multidistrict Litigation ("MDL") in this Court for administration of those actions,[1] and the Court conducted an Initial MDL Conference on January 18, 2006 (the "Initial Conference") to coordinate their progress. Shortly after the Initial Conference,

---

[1] In addition to the various purchaser actions, actions coordinated in the MDL include Purdue Pharma, L.P., et al. v. Boehringer Ingelheim GmbH, et al., 99-Civ.-3658; Purdue Pharma, L.P., et al. v. Teva Pharmaceuticals USA Inc., et al., 01-Civ.-8507, 01-Civ.-11212, 01-Civ.-2312; Purdue Pharma, L.P., et al. v. Impax Laboratories, Inc., 02-Civ.-2803, 02-Civ.-7659, 02-Civ-8036 (collectively, the "Competitor Litigations").

the Federal Circuit withdrew its earlier affirmance and vacated this Court's holding that Purdue's Oxycontin patents were invalid, remanding the case to this Court for further proceedings consistent with its opinion. Purdue Pharma L.P. v. Endo Pharms. Inc., No. 04-1189, 04-1137, 04-1357, 2006 WL 231480 (Fed. Cir. Feb. 1, 2006). Purdue subsequently moved to stay the MDL proceedings based on the Federal Circuit's decision.

Based on both the Initial Case Management Conference and the Federal Circuit's decision, IT IS HEREBY ORDERED that:

1. Initial Motions for Stay: As determined at the Initial Conference, all motions to stay the actions coordinated under In re Oxycontin Antitrust Litigation, 04-MDL-1603, made by Purdue prior to the Initial Conference are denied.

2. Purdue's Motion for Stay dated February 9, 2006: As a result of the Federal Circuit's decision, Purdue has again moved to stay all activity in this multidistrict litigation pending the Court's determination of the patent claims in Endo on remand from the Federal Circuit. The Court has reviewed Purdue's submissions, as well as the numerous submissions filed in opposition to Purdue's motion, and hereby grants Purdue's Motion for Stay dated Feb. 9, 2006. Because disposition of the antitrust issues will be greatly impacted by the determination on remand of the validity of the underlying patent, the Court declines to entertain the antitrust claims at this time. The Federal Circuit's decision to vacate this Court's patent holding puts the Oxycontin litigation in essentially the same position it was in when the Court initially bifurcated the antitrust and patent claims; for the same reasons that bifurcation was appropriate then, a stay is appropriate now.

3. <u>Direct Purchasers Interim Class Counsel Motion</u>. As determined at the Initial Conference, Plaintiffs Louisiana Wholesale Drug Co. et al.'s Motion for Entry of Case Management Order No. 1 Applicable to Direct Purchaser Plaintiffs is granted only insofar as it seeks consolidation of all direct purchaser actions and appointment of Garwin, Gerstein & Fisher L.L.P., Berger & Montague, P.C. and Boies, Schiller & Flexner L.L.P. as direct purchaser interim co-lead class counsel. The motion is denied in all other respects.

4. <u>Indirect Purchasers Interim Class Counsel Motion</u>. As determined at the Initial Conference, Plaintiffs A.F. of L.-A.G.C. Building Trades Welfare Plan et al.'s Motion to Appoint Interim Class Counsel for End-Payor Plaintiffs and for Consolidation is granted. All end-payor class actions are hereby consolidated, and Lieff, Cabraser, Heimann & Bernstein L.L.LP., Hagens Berman Sobol Shapiro LLP, Miller Faucher and Cafferty, L.L.P., and Labaton Sucharow & Rudoff LLP are appointed indirect purchaser interim co-lead class counsel.

5. <u>Winthrop-University Hospital v. Purdue Pharma L.P., et al., No 04-Civ.-00957</u>. As determined at the Initial Conference, Winthrop shall be a separate case in the MDL. Winthrop's Motion to Appoint Interim Class Counsel dated Dec. 23, 2005 is denied.

6. <u>Balloveras v. The Purdue Pharma Company, et al., No. 04-Civ.-4039</u>. Balloveras's Motion for an Order Appointing the Firm of Harke & Clasby LLP as Interim Class Counsel dated Aug. 11, 2004 is denied.

7. <u>Consolidated Amended Complaints</u>. Direct Purchaser Class Counsel and Indirect Purchaser Class Counsel shall each file a Consolidated Amended Class Action Complaint covering their consolidated actions within 60 days after the stay imposed by this Order is

3

lifted. All individual direct and indirect purchaser class action complaints filed in the consolidated actions shall be deemed amended by those consolidated amended complaints. All other parties, including those in the Competitor Litigations, submitting amended complaints or counterclaims shall also do so by that date.

8.   Purdue Defendants' Motion to Dismiss. Within 30 days after the filing of the consolidated amended complaints and counterclaims, the Purdue defendants shall file their response. If such response is a motion to dismiss, Purdue shall file a memorandum of law in support of no more than 50 pages. All plaintiffs' groups against whom Purdue files a motion to dismiss, including parties in the Competitor Litigations, shall file a joint opposition of no more than 50 pages within 45 days after service of the motion. Any individual plaintiff's group that wishes to file a separate memorandum of law at that time may do so, provided that any separate memoranda of law be no longer than 10 pages. Purdue may file a reply of no more than 20 pages within 14 days after receiving the opposition and memoranda of law.

9.   Remand Motions. As determined at the Initial Conference, all pending motions to remand in any of the consolidated actions are hereby dismissed without prejudice. When the stay imposed by this Order is lifted, consolidated briefing on the remand issues shall proceed as follows:

>    a.   *Consolidated Briefing.* Within 10 days of the filing of the indirect purchaser's consolidated amended complaint, all indirect purchaser class plaintiffs that do not join in that complaint and wish to seek a remand to state court shall submit one joint motion for remand of no more than 25 pages. Defendants shall file a response to that motion of no more than 25 pages, within

4

30 days after service of the motion. Plaintiffs may file one joint reply, with a memorandum of law in support of the reply of no more than 10 pages, within 14 days after receiving Defendants' response.

      b.     *Case-Specific Remand Issues*. To the extent any plaintiff believes its case presents remand issues not addressed in the consolidated memorandum of law in support of remand, it may file a separate memorandum of law on those issues, no longer than five pages, at the time of the filing of the consolidated motion for remand. Defendants may file a separate response to any such brief of no longer than five pages, within 21 days after service of such case specific memorandum. The individual plaintiffs may file a case-specific reply of no longer than three pages within 13 days after receiving defendants' response.

10.    <u>Abbott Laboratories' Motions to Dismiss</u>. At the Initial Conference, the Court determined that it would proceed to a disposition of the various motions to dismiss filed in this litigation by defendants Abbott Laboratories and Abbott Laboratories, Inc. In light of the Federal Circuit's decision vacating this Court's holding as to the validity of Purdue's patent and the stay imposed by this Order, however, it would be imprudent to dispose of those motions at this time. Therefore, the Court hereby dismisses without prejudice Abbott Laboratories and Abbott Laboratories, Inc.'s Motions to Dismiss in <u>Balloveras, et al. v. The Purdue Pharma Company, et al.</u>, 04-Civ.-4039; <u>Dennis Deutsch, et al. v. Purdue Pharma Company, et al.</u>, 05-Civ.-3827; <u>Carolyn LeMaster, et al. v. Purdue Pharma Company, et al.</u>, 04-Civ.-5256; <u>Robert Williams and Clifford Perry v. The Purdue Pharma Company, et al.</u>, 04-Civ.-7080; <u>Ashley Kooman, et al. v. The Purdue Pharma Company, et al.</u>, 04-Civ.-5450; <u>Roy Charles May, et al. v. The Purdue Pharma</u>

5

Company, et al., 04-Civ.7119; <u>Archie Pressley, et al. v. The Purdue Pharma Company, et al.</u>, 04-Civ.-7115; <u>Danielle Chaballa, et al. v. The Purdue Pharma Co., et al.</u>, 05-Civ.-3500; and <u>City of New York v. Purdue Pharma LP, et al.</u>, 04-Civ.-3499. The Court also dismisses without prejudice Abbott Laboratories' Consolidated Motion to Dismiss filed dated July 7, 2005 as to <u>Arkansas Carpenters' Health & Welfare Fund, et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.-0196; <u>Painters District Council No. 30 Health and Welfare Fund, et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.-2078; <u>Paper, Allied-Industrial, Chemical and Energy Workers International Union, AFL-CIO, CLC, et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.-0315; <u>The County of Suffolk, New York, et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.0651; <u>Louisiana Health Service Indemnity Company d/b/a/ Blue Cross Blue Shield of Louisiana, et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.-1212; <u>United Federation of Teachers Welfare Fund, et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.-1808; <u>Leanne Whittle, et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.-2089; <u>Vista Healthplan, Inc. et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.-2179; <u>Local 1199 National Benefit Fund for Health and Human Services Employees, et al. v. Purdue Pharma LP, et al.</u>, 04-Civ.-3093. Abbott should refile its motions, if appropriate, when the stay imposed by this Order is lifted.

Dated: New York, New York
March 30, 2006

SO ORDERED:

Sidney H. Stein, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>OXYCONTIN ANTITRUST LITIGATION | 04 md 1603 (SHS)<br><br>This document relates to: |
| PURDUE PHARMA L.P.,<br>THE PURDUE FREDERICK COMPANY,<br>THE P.F. LABORATORIES, INC. and<br>THE PURDUE PHARMA COMPANY,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>BOEHRINGER INGELHEIM GmbH,<br>ROXANE LABORATORIES, INC. and<br>BOEHRINGER INGELHEIM CORPORATION,<br><br>    Defendants and Counterclaim Plaintiffs,<br><br>    v.<br><br>PURDUE PHARMACEUTICALS L.P.<br>and EUROCELTIQUE S.A.,<br><br>    Counterclaim Defendants. | 99 Civ. 3658 (SHS) |

**PURDUE'S MOTION TO DISMISS ALL PATENT-RELATED CLAIMS AND
COUNTERCLAIMS FOR LACK OF CASE OR CONTROVERSY**

PLEASE TAKE NOTICE that, pursuant to Rule 12(b)(1) and Rule 12(h)(3), Fed. R. Civ. P., plaintiffs (collectively "Purdue") will move this Court, before the Honorable Sidney H. Stein, at the United States Courthouse, 500 Pearl Street, New York, New York, as soon as counsel may be heard, for an Order dismissing without prejudice its May 18 1999 Complaint ("Complaint") and Boehringer's related counterclaims of non-infringement, invalidity, and unenforceability ("Counterclaims"), both in Civil Action No.99 CV 3658 (SHS).

The grounds for dismissal are that defendants (collectively "Boehringer") have lacked approval by the Food and Drug Administration (FDA) for defendants' proposed controlled-release oxycodone formulation since the FDA "stayed" approval of defendant Roxane's New Drug Application (NDA) in February 2000. From that time until this action was stayed in April 2002, Boerhinger repeatedly represented to the Court that they were continuing to seek FDA approval to lift the stay. However, at the December 20, 2006 Case Management Conference in this action, Boehringer's counsel informed the Court for the first time that "it's true [that Boehringer] does not intend to market a product." (April 5, 2007 Declaration of Richard A. Inz, Exhibit 17 at 7).

On these facts, the Court lacks subject matter jurisdiction over Purdue's complaint for infringement and Boehringer's patent-related counterclaims. Purdue cannot seek relief from actual or threatened patent infringement because Boehringer is not currently infringing, nor is it taking any concrete steps to infringe. *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 764 (Fed. Cir. 1990). Boehringer cannot challenge Purdue's patents because it has not committed any infringing acts, nor does it intend to do so. There is no controversy of any reality or immediacy here sufficient to support a declaratory judgment action by either party. *MedImmune, Inc. v. Genetech, Inc.*, 127 S.Ct. 764, 771 (2007).

Boehringer's claim for attorneys' fees must also be dismissed. Boehringer is not the "prevailing party" in this action within the meaning of 35 U.S.C. § 285. In the absence of subject matter jurisdiction, Boehringer cannot continue to litigate its counterclaims to seek attorneys' fees. *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1308 (Fed. Cir. 1999).

The grounds for Purdue's motion are set forth in Purdue's Memorandum of Law in support of this motion, and the April 5, 2007 Declaration of Richard A. Inz, both submitted herewith.

A proposed Order granting the motion is submitted herewith.

Respectfully submitted,

Dated: April 5, 2007

/s/ *Richard A. Inz*
Herbert F. Schwartz (HS2599)
Robert J. Goldman (RG9501)
Denise L. Loring (DL2315)
Richard A. Inz (RI2926)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 596-9000

*Attorneys for Plaintiffs and Counterclaim Defendants*

.

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2007, I caused to be electronically filed:

Purdue's Motion To Dismiss All Patent-Related Claims And Counterclaims For Lack Of Case Or Controversy

Purdue's Memorandum In Support Of Its Motion To Dismiss All Patent-Related Claims And Counterclaims For Lack Of Case Or Controversy

April 5, 2007 Declaration Of Richard A. Inz

[Proposed] Order Granting Purdue's Motion To Dismiss All Patent-Related Claims And Counterclaims For Lack Of Case Or Controversy

with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

/s/ Richard A. Inz
Richard A. Inz (RI2926)