# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

DIRECT DIAL: 302-571-6743
DIRECT FAX:  302-576-3517
alundgren@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

April 11, 2007

**VIA HAND DELIVERY AND E-FILING**

The Honorable Mary Pat Thynge
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *Purdue Pharma L.P., et al. v. KV Pharmaceutical Company and Actavis Totowa, LLC.*, C.A. No. 07-032 (***)

Dear Magistrate Judge Thynge:

      We write to follow up on our letter of Monday (D.I. 24) concerning Purdue's pending motion to transfer before the Multi-District Litigation panel ("MDL" or "MDL Panel") and Purdue's response (D.I. 25), filed and served yesterday. Since Monday, what we have feared is becoming true – Purdue is using its MDL motion to delay discovery in the captioned matter. Purdue is also engaging in an improper manipulation of the MDL procedure in order to avoid personal jurisdiction problems that would have arisen had Purdue filed this suit in the Southern District of New York.

      As the Court is aware, under the Hatch-Waxman Act, FDA approval of Actavis' ANDA has been automatically stayed by virtue of Purdue's initiation of this litigation until the earlier of: (a) 30 months after Purdue received notice of Actavis' Paragraph IV challenge to the relevant patent; or (b) a district court decision in favor of Actavis on the relevant patent. 21 U.S.C. § 355(j)(5)(B)(iii). Because of this automatic stay of approval, the Hatch-Waxman Act mandates that the parties "reasonably cooperate in expediting the [district court] action." 21 U.S.C. § 355 (j)(5)(B)(iii).

      Despite the clear statutory mandate that Purdue cooperate in expediting this action, it is now evident that Purdue is using its MDL application to delay resolution of this case. On April 9, 2007, Actavis requested that the parties hold a Rule 26(f) conference in order for discovery to proceed. (Exhibit A.) *See* FED. R. CIV. P. 26(d) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). The Federal Rules do not tie the Rule 26(f) meeting to the scheduling conference, and the Rules make it clear that a party must participate in the Rule 26(f) meeting. *See* FED. R. CIV. P. 37(g) Advisory Comm. Notes, 1980 Amendments ("Rule 26(f) imposes a duty on parties to participate in good faith in the framing of a discovery plan by agreement upon the request of any party."); *see also*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
April 11, 2007
Page 2

Fed. R. Civ. P. 37(g) (authorizing sanctions against party that refuses to participate in a Rule 26(f) meeting upon request). Purdue refused to participate in such a conference unless "the parties agree that discovery will not commence and discovery requests will not be served until such time as the Judicial Panel on Multidistrict Litigation ultimately resolves the transfer issue." (Exhibit B.)

The Federal Rules make no exception to this process for MDL motions. Indeed, there is no reason that discovery should be further delayed, and Purdue would not be prejudiced by the initiation of discovery. The same discovery may be utilized if this action is transferred by the MDL Panel. We thus believe that the real reason Purdue is refusing to participate in the Rule 26(f) meeting is not its MDL motion. Rather, it is part of a concerted effort to run the clock on the statutory 30-month stay. For each day that Purdue can stall resolution of this case, Actavis loses significant revenue, and consumers who take OxyContin® for pain are left without a more affordable generic substitute. Purdue is highly motivated to delay generic market entry by Actavis given the fact that its sales of OxyContin® exceed $500 million annually.

\*   \*   \*

Purdue is also engaging in an improper manipulation of the MDL procedure in order to avoid personal jurisdiction problems that would have arisen had Purdue filed this suit in the Southern District of New York. On March 13, 2007, hours after the Court issued an order scheduling a Rule 16 teleconference for March 22 (D.I. 17), counsel for Purdue contacted counsel for Actavis (Jonathan Harris of Axinn, Veltrop & Harkrider LLP), requesting its consent to have this action transferred to the Southern District of New York. During this conversation, counsel for Purdue expressly admitted that this action was filed in Delaware because Purdue was not confident that personal jurisdiction over the defendants was proper in New York.

Now, Purdue seeks to use the MDL process to overcome the personal jurisdiction defects in New York. Such procedural games are entirely improper. *In re Truck Accident near Alamogordo, New Mexico*, 387 F. Supp. 732, 734 (J.P.M.L. 1975) (holding that a party's "ulterior motive for seeking transfer [to avoid a lack of personal jurisdiction] amounts to an attempted misuse of the [MDL] statute" and denying motion to transfer).

Young Conaway Stargatt & Taylor, LLP
The Honorable Mary Pat Thynge
April 11, 2007
Page 3

       For the reasons stated above, Actavis respectfully requests the Court's permission to initiate discovery so this case may proceed expeditiously.

                                              Respectfully submitted,

                                              Andrew A. Lundgren (No. 4429)

AAL:smf
Enclosure

cc:    Clerk, United States District Court (via hand delivery)
        All counsel of record (via e-mail)

**AXINN,**
**VELTROP &**
**HARKRIDER LLP**

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL: (860) 275-8100
FAX: (860) 275-8101
www.avhlaw.com

CHAD A. LANDMON
(860) 275-8170
CAL@AVHLAW.COM

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL: (212) 728-2200
FAX: (212) 728-2201

1801 K STREET, NW, SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

April 9, 2007

VIA E-MAIL AND FIRST-CLASS MAIL

Richard A. Inz
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036

John F. Sweeney
Morgan & Finnegan, LLP
3 World Financial Center
New York, NY 10281-2101

Re: *Purdue Pharma L.P., et al. v. KV Pharmaceutical Company and Actavis Totowa, LLC., C.A. No. 07-032 (\*\*\*)*

Dear Richard and John:

We would like to schedule a telephone conference this week to discuss the initiation of discovery and other matters under Rule 26(f) in the above-captioned matter. Please let me know if you are available on April 11 at 10:00 a.m. If you refuse to participate in a Rule 26(f) conference at this time, please confirm the same in writing.

Sincerely,

Chad A. Landmon

CAL/tsm
cc:   All counsel of record (via e-mail)



FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS    NEW YORK, NY 10036-8704    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

April 10, 2007

Richard A. Inz
212-596-9130
Richard.Inz@ropesgray.com

BY E-MAIL
CONFIRMATION BY MAIL

Chad A. Landmon, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

Re: *Purdue Pharma L.P. v. KV Pharm. Co. and Actavis Totowa LLC*, No. 07-cv-00032-***

Dear Chad:

This is in response to your April 9, 2007 letter requesting a Rule 26(f) meeting among the parties.

We are pleased to schedule a meeting to discuss this matter including discovery in general. However, because we do not believe that it makes sense to commence discovery or discuss a discovery schedule until it is determined in which Court this action will proceed, we will agree to such a meeting provided that the parties agree that discovery will not commence and discovery requests will not be served until such time as the Judicial Panel on Multidistrict Litigation ultimately resolves the transfer issue.

Please confirm in writing whether this is acceptable. Assuming that it is, we propose that such a meeting occur next week. Please let us know when you are available then.

Sincerely,

Richard A. Inz

RAI:amp

cc: John F. Sweeney, Esq. (by e-mail)