# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

April 12, 2007

The Honorable Mary Pat Thynge  VIA E-FILING
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE  19801

      Re:    *Purdue Pharma L.P., et al. v. KV Pharmaceutical Company, et al.*
            C.A. No. 07-032 (***)

Dear Magistrate Judge Thynge:

        I am writing on behalf of plaintiffs (collectively "Purdue") in response to Actavis's April 11, 2007 letter to Your Honor (D.I. 26).

        On April 9, 2007, Actavis wrote to Purdue requesting a Rule 26(f) conference. On April 10, 2007, Purdue responded. (Exs. A and B to D.I. 26). Contrary to Actavis's assertions, Purdue did not refuse to participate; instead, Purdue agreed to meet to discuss discovery in general and proposed to do so next week. Purdue believes, however, that it would be inefficient and potentially duplicative to set a schedule or begin discovery before the Judicial Panel on Multidistrict Litigation (the "Panel") determines whether to transfer pre-trial proceedings in this case to the Hon. Sidney H. Stein in the Southern District of New York. For the reasons previously set forth in its March 15, 2007 letter to Your Honor (D.I. 18), Purdue believes that the Panel is likely to order transfer, and any brief delay resulting from transfer (even if extended by Actavis's refusal to consent, as KV did) will be more than made up for by the efficiencies in pre-trial proceedings resulting from Judge Stein's extensive experience with these matters.

        The argument regarding personal jurisdiction in Actavis's April 11 letter is misdirected. The statute governing multidistrict transfer, 28 U.S.C. § 1407, does not require that the transferee court have personal jurisdiction over Actavis. Indeed, the case Actavis cites recognizes this. *See In re Truck Accident near Alamogordo, New Mexico*, 387 F. Supp. 732, 734 ("[T]he propriety of in personam jurisdiction in a proposed transferee district is not a criterion in considering transfer of actions to that district under Section 1407 . . . ."). In *In re Truck*

The Honorable Mary Pat Thynge
April 12, 2007
Page 2

*Accident*, the potential transferee court had already dismissed, for lack of personal jurisdiction, an identical lawsuit filed by the party seeking transfer. *Id.* at 733. Here, there has been no lawsuit in, or finding that, the Southern District of New York lacks personal jurisdiction over the defendants. Indeed, as Purdue stated in its March 15 letter, it is still considering whether there are sufficient facts to bring a motion to transfer for all purposes under § 1404, which *would* require personal jurisdiction over the defendants.

Purdue submits that the arguments in its March 15 letter for postponing the scheduling conference and deferring the entry of a scheduling order apply equally here. For those reasons, and the reason stated above, Purdue respectfully submits that it would be inefficient to begin discovery at this time.

Respectfully,

Jack B. Blumenfeld (I.D. No. 1014)

JBB/dlb
cc:    Clerk of Court (Via Hand Delivery)
       Frederick L. Cottrell, III, Esquire (Via E-Mail and Hand Delivery)
       Chad M. Shandler, Esquire (Via E-Mail and Hand Delivery)
       John W. Shaw, Esquire (Via E-Mail and Hand Delivery)
       Andrew A. Lundgren, Esquire (Via E-Mail and Hand Delivery)
       Jonathan A. Harris, Esquire (Via E-Mail)
       Matthew K. Blackburn, Esquire (Via E-Mail)
       Pablo D. Hendler, Esquire (Via E-Mail)
       Robert J. Goldman, Esquire (Via E-Mail)