IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA L.P., <br> THE P.F. LABORATORIES, INC. and <br> PURDUE PHARMACEUTICALS L.P., <br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> KV PHARMACEUTICAL COMPANY and <br> ACTAVIS TOTOWA LLC, <br> Defendants and Counterclaim Plaintiffs. | C.A. No. 07-032-*** |

**PURDUE'S ANSWERING BRIEF IN OPPOSITION TO ACTAVIS'S
MOTION TO STAY ITS OWN ANTITRUST COUNTERCLAIMS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for Plaintiffs/Counterclaim Defendants*

*Of Counsel:*

Herbert F. Schwartz
Robert J. Goldman
Denise L. Loring
Richard A. Inz
Pablo D. Hendler
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

May 3, 2007

**TABLE OF CONTENTS**

Page

INTRODUCTION ...........................................................................................................................1

STATEMENT OF FACTS .............................................................................................................1

ARGUMENT ..................................................................................................................................3

      I.     ACTAVIS'S MOTION IS PREMATURE UNTIL THE PANEL
            DECIDES WHETHER TO TRANSFER THIS ACTION TO THE MDL .........3

      II.    ACTAVIS'S MOTION SHOULD BE DENIED IN ANY EVENT ...................4

      III.   POSTPONING A DECISION ON ACTAVIS'S MOTION IS
            CONSISTENT WITH PURDUE'S ACTIONS AND THIS COURT'S
            PREVIOUS ORDER .......................................................................................5

CONCLUSION ...............................................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Landis v. North Am. Co.,*
    299 U.S. 248 (1936) .................................................................................................................5

*Rivers v. Walt Disney Co.,*
    980 F. Supp. 1358 (C.D. Cal. 1997) .........................................................................................3

**OTHER AUTHORITIES**

J.P.M.L. Rule 7.4 ............................................................................................................................1

Fed. R. Civ. P. 26(f) ........................................................................................................................5

## INTRODUCTION

Plaintiffs and counterclaim defendants (collectively "Purdue") oppose Actavis Totowa LLC's ("Actavis") motion to stay its antitrust counterclaims on the grounds that the motion is premature and a stay is unnecessary at this time.

On May 1, 2007, the Judicial Panel for Multi-District Litigation ("the Panel") acted upon the request of Purdue and Actavis's co-defendant, KV Pharmaceutical Co. ("KV"), and entered a Conditional Transfer Order transferring this action as a "tag along" action to the on-going MDL patent and antitrust actions now pending in the Southern District of New York before Hon. Sidney H. Stein, *In re OxyContin Antitrust Litigation*, 04-md-1603 (SHS) (the "MDL action"). Under Panel Rule 7.4, the parties to this action and to the MDL action have 15 days to object to consolidation. Objections, if any, would ultimately be resolved by the Panel.

Unless and until the Panel decides that MDL transfer is inappropriate, which is unlikely, there is no reason for this Court to take any action in this case. Actavis's attempt to stay its own antitrust counterclaims less than three weeks after amending them is a transparent attempt to defeat MDL transfer. Actavis's motion should be denied.

## STATEMENT OF FACTS

Purdue commenced this action for patent infringement against KV and Actavis on January 16, 2007. Purdue's complaint alleged, *inter alia*, that Actavis's proposed generic copy of Purdue's patented OxyContin® would, if approved by the Food and Drug Administration (FDA), infringe Purdue's '042 patent. (D.I. 1).

Actavis answered on March 8, 2007 (D.I. 14), and amended its answer on March 26, 2007 (D.I. 22). Actavis denied liability and counterclaimed for a declaration that the '042 patent is invalid and unenforceable on the grounds of inequitable conduct. In addition,

Actavis pled counterclaims alleging, *inter alia*, (1) monopolization, (2) attempted monopolization, (3) "Walker Process Fraud" and (4) Tortious Interference with Valid Business Expectancies based on Purdue's assertion of its patent in litigation.

Purdue answered these counterclaims on April 27, 2007, denying liability. (D.I. 29).

On March 13, 2007, this Court noticed an initial case management conference. (D.I. 17). On March 15, 2007, Purdue suggested that it would be appropriate to postpone that conference because Purdue intended to seek to have this action transferred to the MDL action already pending in the Southern District of New York. Defendant KV agreed to postpone the conference and to transfer this action to the MDL proceeding. Actavis did not consent. (D.I. 18).

On March 16, 2007, this Court postponed the initial case management conference and instructed counsel to advise the Court of further developments. (D.I. 19).

On March 28, 2007, Purdue filed a Notice of Related Actions with the Panel, asking that this action be transferred to the existing MDL as a "tag along" action. A "tag along" action is one that is filed after an MDL proceeding has been declared that shares common issues of fact and law with the MDL. On May 2, counsel for Purdue contacted the Clerk's office at the Panel and was told that a Conditional Transfer Order had been entered on May 1, and would be served on the parties in this action and the parties to the existing MDL action. (Inz Decl. ¶ 3).[1]

As discussed above, any party to this action or the MDL action may object to transfer within 15 days. If any party objects, that party would then have 15 days to file a motion

---

[1] "Inz Decl. ¶ __, Ex. __" refers to the indicated Paragraph or Exhibit to the Declaration of Richard A. Inz submitted herewith.

to vacate the Conditional Transfer Order. Any such motions would be set for briefing and resolution by the Panel.

## ARGUMENT

**I. ACTAVIS'S MOTION IS PREMATURE UNTIL THE PANEL DECIDES WHETHER TO TRANSFER THIS ACTION TO THE MDL**

It is premature to decide whether Actavis's antitrust counterclaims should be stayed. The resolution of that issue should await the outcome of the Conditional Transfer Order issued by the Panel. Transfer of this action to the MDL action will moot Actavis's motion, because, as Actavis noted, the antitrust allegations pending in that litigation are currently stayed. (D.I. 28, ¶ 7; Actavis Ex. 3).[2] For reasons previously stated, including judicial efficiency (D.I. 18), the Panel is likely to deny any objections to its Conditional Transfer Order. Indeed, the other defendant KV Pharmaceutical Company ("KV") has agreed to consolidation with the MDL action because, as KV explained to Judge Stein, the actions share "common issues of fact and law." (Inz Decl. Ex 1).

If this Court takes up Actavis's motion, and the Panel subsequently consolidates this action with the MDL action, this Court will have "needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

---

[2] "Actavis Ex. 3" refers to Ex. 3 to Actavis's Motion, Judge Stein's March 30, 2006 MDL Order No. 2. Inexplicably, Actavis submitted a copy of the District Court's January 5, 2004 Opinion And Order (Actavis Ex. 1; D.I. 28, ¶ 2), but did not attach the Federal Circuit's February 1, 2006 decision vacating and remanding Judge Stein's inequitable conduct findings (D.I. 28, ¶ 3). To complete the record, we submit a copy (Inz Decl. Ex. 2).

3

II. **ACTAVIS'S MOTION SHOULD BE DENIED IN ANY EVENT**

Actavis's motion is nothing more than a transparent attempt to create a situation that it hopes will make this case less amenable to consolidation with the MDL action. Actavis's effort must fail. The MDL action is not limited to only antitrust actions against Purdue and other entities. Rather, the MDL action also includes the currently pending patent infringement litigations (some of which contain antitrust counterclaims). The pending patent infringement litigations are: *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, No. 99-CIV-3658 (SHS); *Purdue Pharma L.P. v. Impax Labs., Inc.*, No. 02-CIV-2803, 02-CIV-7569, 02-CIV-8036 (SHS); *Rite Aid Corp. v. Purdue Pharma L.P.*, No. 06-CIV-15304 (SHS); and *Safeway Inc. v. Purdue Pharma L.P.*, No. 06-CIV-15326 (SHS).[3] And *Purdue Pharma L.P. v. Mallinckrodt Inc.*, No. 06-CIV-13095 (SHS), also before Judge Stein, has been designated as "related to" the MDL action, even though it has not yet officially been consolidated with it. All of these patent infringement actions involve the same Purdue patent asserted here.

Thus, even if Actavis were successful in having its antitrust counterclaims stayed, the proper result would still be to consolidate this action with the MDL action, because it raises the same factual and legal issues as the myriad litigations already pending before Judge Stein in New York in the MDL action. Therefore, there is no reason to address Actavis's motion until after the Panel resolves the transfer issue. Indeed, if the Panel's Conditional Transfer Order takes effect, there will never be a need for this Court, or any Court, to consider Actavis's motion.

---

[3] Purdue has moved to dismiss the *Rite Aid* and *Safeway* cases for lack of subject matter jurisdiction.

4

### III. POSTPONING A DECISION ON ACTAVIS'S MOTION IS CONSISTENT WITH PURDUE'S ACTIONS AND THIS COURT'S PREVIOUS ORDER

Actavis attempts to create the wrong impression that Purdue is somehow acting in a manner inconsistent with positions it has taken in the New York litigations. To the contrary, Purdue's arguments in the New York litigation apply here with equal force. This Court need not address Actavis's motion because doing so now "would not be a sound use of the Court's resources, or the resources of the parties, to forge ahead with [a decision regarding the administration of this] litigation on these antitrust claims before a decision has been reached [on the motion to transfer]." (D.I. 28, Actavis Ex. 4 (Mem. of Law in Support of Purdue's Mot. to Stay, MDL action, 04-md-1603 (SHS) (Feb. 9, 2006)), at 2).

Just as the Court used its discretion to postpone the initial scheduling conference (D.I. 19), the Court should use its discretion not to take up Actavis's motion for a stay of its antitrust counterclaims until after the Panel has fully resolved any objections to its Conditional Transfer Order. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (courts have inherent power to control their dockets in the interest of judicial economy).[4]

---

[4] The same rationale applies to the issue of not proceeding at this time with a Rule 26(f) conference. *See* D.I. 27.

5

## CONCLUSION

The Court should not take up Actavis's motion to stay its antitrust counterclaims at this time. Consideration of Actavis's motion should await resolution of any objections to the Panel's Conditional Transfer Order, which, if made effective, will order consolidation of this action with the MDL action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for Plaintiffs
and Counterclaim Defendants*

*Of Counsel*:
Herbert F. Schwartz
Robert J. Goldman
Denise L. Loring
Richard A. Inz
Pablo D. Hendler
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

May 3, 2007

818961

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on May 3, 2007, I caused the foregoing "Purdue's Answering Brief In Opposition To Actavis Totowa LLC's Motion To Stay Antitrust Counterclaims" to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

> John W. Shaw
> YOUNG CONAWAY STARGATT & TAYLOR LLP
>
> Frederick L. Cottrell, III
> RICHARDS, LAYTON & FINGER

and that on May 3, 2007, I caused copies to be served upon the following in the manner indicated:

### BY HAND AND BY E-MAIL

John W. Shaw
Andrew A. Lundgren
Karen E. Keller
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th floor
Wilmington, Delaware 19801
(302) 571-6600

Frederick L. Cottrell, III
Chad M. Shandler
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19801

### BY E-MAIL

Jonathan A. Harris
Chad A. Landmon
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103-3702

John F. Sweeney
Joseph A. DeGirolamo
MORGAN & FINNEGAN, L.L.P.
3 World Financial Center
New York, NY 10281-2101

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com