# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 Fax
rsmith@mnat.com

May 17, 2007

**BY E-FILING**

The Honorable Mary Pat Thynge
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, DE  19801

      Re:    *Purdue Pharma L.P., et al. v. KV Pharmaceutical Company, et al.*
              C.A. No. 07-032 (***)

Dear Magistrate Judge Thynge:

      I am writing on behalf of plaintiffs to update the Court on the status of this matter, in accordance with the Court's directive in its March 16, 2007 Order (D.I. 12).

      On May 1, 2007, the Judicial Panel on Multidistrict Litigation ("the Panel") issued a Conditional Transfer Order transferring this action to the pending multidistrict litigation in the U.S. District Court for the Southern District of New York (Ex. A). On May 11, 2007, defendant Actavis Totowa LLC ("Actavis") sent a letter to the Panel consenting to the transfer of this action to the Southern District of New York (Ex. B). Defendant KV Pharmaceutical Company previously consented to transfer to the Southern District of New York.

      As a result of these developments, the Court does not need to address (a) Actavis's Motion To Stay Its Antitrust Counterclaims (D.I. 28), or (b) Actavis's earlier request for permission to begin discovery or force plaintiffs to conduct a Rule 26(f) conference (D.I. 26).

                                      Respectfully,

                                      */s/ Rodger D. Smith II*

                                      Rodger D. Smith II (#3778)

The Honorable Mary Pat Thynge
May 17, 2007
Page 2

cc:    Clerk of Court (Via Hand Delivery)
       Frederick L. Cottrell, III, Esquire (Via E-Mail and Hand Delivery)
       John W. Shaw, Esquire (Via E-Mail and Hand Delivery)
       Jonathan A. Harris, Esquire (Via E-Mail)
       Matthew K. Blackburn, Esquire (Via E-Mail)
       Pablo D. Hendler, Esquire (Via E-Mail)
       Robert J. Goldman, Esquire (Via E-Mail)

828588

# EXHIBIT A

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

May 1, 2007

TO INVOLVED COUNSEL

Re: MDL-1603 -- In re Oxycontin Antitrust Litigation

(See Attached CTO-3)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** May 16, 2007    (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
   Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 1 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 1603

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE OXYCONTIN ANTITRUST LITIGATION

*Purdue Pharma L.P., et al. v. KV Pharmaceutical Co., et al.*, D. Delaware,
C.A. No. 1:07-32
*Purdue Pharma L.P., et al. v. KV Pharmaceutical Co.*, D. Delaware, C.A. No. 1:07-77

### CONDITIONAL TRANSFER ORDER (CTO-3)

On April 22, 2004, the Panel transferred two civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 314 F. Supp.2d 1388 (J.P.M.L. 2004). Since that time, 14 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Sidney H. Stein.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Stein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of April 22, 2004, and, with the consent of that court, assigned to the Honorable Sidney H. Stein.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

RULE 5.2:     SERVICE OF PAPERS FILED

    (a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

    (b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

    (c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

    (d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

    (e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:     CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)     Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)     Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)     Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)     Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)     Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)     Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:     MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)     Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)     Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)     Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)     A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)     Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

## INVOLVED COUNSEL LIST (CTO-3)
## DOCKET NO. 1603
## IN RE OXYCONTIN ANTITRUST LITIGATION

Andrew A. Lundgren
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801-0391

Chad Michael Shandler
Richards, Layton & Finger
P.O. Box 551
One Rodney Square
Wilmington, DE 19899

Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

# EXHIBIT B

# AXINN, VELTROP & HARKRIDER LLP

JONATHAN A. HARRIS
(860) 275-8115
JAH@AVHLAW.COM

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL: (860) 275-8100
FAX: (860) 275-8101
www.avhlaw.com

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL: (212) 728-2200
FAX: (212) 728-2201

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

May 11, 2007

VIA FEDERAL EXPRESS AND FACSIMILE

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

Re: *In re OxyContin Antitrust Litigation*, MDL No. 1063

Dear Sir:

This firm represents Actavis Totowa LLC ("Actavis") in connection with the matter of *Purdue Pharma L.P., The P.F. Labs, Inc. and Purdue Pharms. L.P. v. KV Pharm. Co. and Actavis Totowa LLC*, No. 07-cv-0032 (the "Purdue Action"). On May 1, 2007, the Judicial Panel on Multidistrict Litigation (the "Panel") entered a Conditional Transfer Order (the "CTO") transferring the Purdue Action to the above-referenced MDL proceeding, currently pending in the United States District Court for the Southern District of New York.

We write to update the Panel with Actavis' position concerning transfer and to request immediate transmission of the Conditional Order to the Office of the Clerk of the United States District Court for the Southern District of New York.

In particular, Actavis will not oppose the CTO and hereby consents to proceeding in the MDL. Given the foregoing, all parties to the Purdue Action agree that the MDL proceeding controls, and the case, therefore, stands ready for transfer to the Southern District of New York.[1]

---

[1] Attached hereto is a copy of the Notice of Related Actions, filed March 28, 2007, by Plaintiffs in the Purdue Action, indicating that KV Pharmaceutical Company, the other defendant in the actions at issue, has consented to having the Purdue Action included in the MDL No. 1063 proceedings.

Clerk of the Panel
May 11, 2007
Page 2

      Rule 7.4 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation provides that the Panel shall transmit the CTO to the transferee court after 15 days of its issuance. The 15th day is Tuesday May 15, 2007, and Actavis wishes to ensure prompt transmission of the CTO. Not only do all parties agree to proceeding in the MDL, but the underlying action is a patent infringement action arising under the Hatch-Waxman Act, which requires the parties to "cooperate in expediting the action." 21 U.S.C. § 355(j)(5)(B)(iii).

      Accordingly, Actavis respectfully requests immediate transmission of the CTO to the Southern District of New York so that this case may proceed apace.

                                      Very truly yours,

                                      Jonathan A. Harris

cc:    Panel Service List
       The Honorable Sidney H. Stein
       Clerk, U.S. District Court, Wilmington, DE

Enclosure

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE:                                              )
                                                    )    MDL Docket No. 04 md 1603
                                                    )
OXYCONTIN ANTITRUST LITIGATION )
                                                    )

### NOTICE OF RELATED ACTIONS

Pursuant to Rule 7.5(e) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (the "Panel"), Purdue Pharma L.P., The P.F. Laboratories, Inc., and Purdue Pharmaceuticals L.P. (collectively, "Plaintiffs"), submit this notice informing the Panel of certain civil actions currently pending in the U.S. District Court for the District of Delaware that should be designated as "tag-along actions" to *In re OxyContin Antitrust Litigation*, MDL No. 1603.[1]

The tag-along actions are:

> *Purdue Pharma L.P., The P.F. Labs, Inc. and Purdue Pharms. L.P. v. KV Pharm. Co. and Actavis Totowa LLC*, No. 07-cv-00032-*** (D. Del.) (assigned to vacant judgeship), and
>
> *Purdue Pharma L.P., The P.F. Labs, Inc. and Purdue Pharms. L.P. v. KV Pharm. Co.*, No. 07-cv-00077-*** (D. Del.) (assigned to vacant judgeship).[2]

---

[1]   Together with Plaintiffs, The Purdue Pharma Company, The Purdue Frederick Company, and Euro-Celtique S.A. are named by KV Pharmaceutical Company as counterclaim defendants in each of these tag-along actions.

[2]   Both Delaware actions have been assigned to the vacant judgeship created by the elevation of the Honorable Kent A. Jordan to the U.S. Court of Appeals for the Third Circuit. Pending re-assignment, the actions have been referred to Magistrate Judge Mary Pat Thynge for all pretrial proceedings, pursuant to 28 U.S.C. § 636(b).

05/11/2007 17:29 FAX 860 275 8101   AXINN HARTFORD   ☒005/005

These are actions in which Plaintiffs seek relief from patent infringement based on defendants' attempts to obtain FDA approval to make and sell generic copies of Purdue's patented OxyContin®, a controlled release analgesic. (*See* Complaint, No. 07-cv-00032-***, Docket Index ("D.I.") 1; Complaint, No. 07-cv-00077-***, D.I. 1). In response to Plaintiffs' complaints, defendants have asserted antitrust counterclaims that involve common questions of fact and the same or similar legal theories as the antitrust claims at issue in this MDL proceeding, now pending in the Southern District of New York before the Honorable Sidney H. Stein. (*See* First Amended Answer and Counterclaims of Actavis Totowa LLC, No. 07-cv-00032-***, D.I. 22, Counterclaims ¶¶ 13-91; Defendant KV Pharmaceutical Company's Answer and Counterclaims, No. 07-cv-00032-***, D.I. 16, Counterclaims ¶¶ 239-319; Defendant KV Pharmaceutical Company's Answer and Counterclaims, No. 07-cv-00077-***, D.I. 8, Counterclaims ¶¶ 239-319).

Defendant KV Pharmaceutical Company has consented to having these actions included in this MDL proceeding. Defendant Actavis Totowa LLC does not consent, but has not stated whether it opposes the MDL transfer.

Dated: March 28, 2007

Respectfully submitted,

By: /s/ Robert J. Goldman
Herbert F. Schwartz
Robert J. Goldman
Denise L. Loring
Richard A. Inz
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Tel.: (212) 596-9000

*Attorneys for Plaintiffs and
Counterclaim-Defendants*

# AXINN, VELTROP & HARKRIDER LLP

1370 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019

TEL: (212) 728-2200
FAX: (212) 728-2201
www.avhlaw.com

90 STATE HOUSE SQUARE
HARTFORD, CONN 06103-3702
TEL: (860) 275-8100
FAX: (860) 275-8101

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

## FACSIMILE COVER SHEET

**Date:**     May 11, 2007

**From:**     Jonathan A. Harris          **Tel. No.:**     (860) 275-8115

| Addressee | Tel. No. | Fax No. |
|---|---|---|
| Clerk of the Panel | | (202) 502-2888 |
| Andrew Lundgren | | (302) 576-3511 |
| Chad Michael Shandler | | (302) 498-7836 |
| Roger Dallery Smith, II | | (302) 498-6209 |
| The Honorable Sidney H. Stein | | (212) 805-7924 |

**Total Pages:**     5

**Comments:**

**NOTICE**
THE INFORMATION CONTAINED IN THIS FACSIMILE COVER SHEET AND ANY ATTACHED DOCUMENTS IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE RECIPIENT(S) NAMED ABOVE. THIS FACSIMILE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OR PERSON AUTHORIZED TO DELIVER THIS FACSIMILE, YOU ARE HEREBY NOTIFIED YOU HAVE RECEIVED THIS FACSIMILE IN ERROR AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US BY MAIL. THANK YOU.